In the matter of the appeal from the decree of the orphans court of the county of Passaic, admitting to probate a certain paper-writing as the last will and testament of JANE LUCAS, deceased.

[Decided October 26th, 1938.]

*Messrs. Ward & McGinnis* and *Mr. John A. Masiello,* proctors for the appellant.

*Messrs. J. W. & E. A. De Yoe,* proctors for proponent-appellee.

*Mr. John M. Nolan,* proctor for St. Joseph's Hospital.

*Mr. Robert H. Cunningham,* proctor for Paterson General Hospital.

LEWIS, VICE-ORDINARY.

This is an appeal from an order of the orphans court, admitting a will to probate after a contest on the ground that the deceased was of unsound mind.

The testatrix, Jane Lucas, died in December, 1934, having made the will in question in 1931. Her estate consisted almost exclusively of a savings account in the Paterson Savings Institution amounting to approximately $23,000. Just prior to the execution of the will, she transferred some smaller

accounts aggregating something less than $5,000, which were in savings banks in the city of New York, to herself as trustee for her only child, Samuel G. Lucas. These, of course, passed to her son on her death, irrespective of the will. The will provided that the account be held in trust by the Paterson Savings Institution as a savings account, to pay the interest semi-annually to her son during the term of his natural life and upon his death to pay the principal to his lawful issue him surviving and in default of such lawful issue, to divide the principal equally between the Paterson General Hospital Association of Paterson and the St. Joseph's Hospital of Paterson.

Testatrix was very aged at the time of the making of the will and was admittedly eccentric. Her son was sixty years of age and was unmarried, although there was evidence tending to show that the testatrix had a delusion to the effect that her son was secretly married and had a child.

Voluminous testimony was taken in the court below and that court had filed an opinion which fully discussed the evidence submitted. The court found on the testimony before it that the evidence was insufficient to show a degree of mental incapacity sufficient to invalidate the will. As pointed out in the opinion, the requisite capacity to make a will is very low. A recent decision reaffirming the long established law in this state on this matter is *In re Triebe, 114 N. J. Eq. 227.* The court says:

"The right of testamentary disposition may be exercised by a person of very moderate mental capacity. If he is capable of recollecting of what his property consists and who, either in consequence of ties of blood or friendship should be the objects of his bounty, and has a mind sufficiently sound to enable him to know and to understand what disposition he wants to make of his property after his death, he is competent to make a valid will."

It appears from the opinion that the court gave full credence to the testimony of witnesses who participated in the execution of the will and who testified that the will was

drawn exactly in accordance with instructions given by her. The will itself does not seem to be an unnatural one since her son, the sole natural object of her bounty, received all her property except for the savings account, in which the son received a life interest. The court points out that besides the evidence of eccentricities which are often found in people of advanced years, the chief evidence in the attempt to show her unsound of mind consisted of opinions of medical experts. Even if testatrix was suffering from mental disease, this would not disqualify her from the ability to make a will, provided that at the time of actual execution thereof, she had sufficient understanding under the well established legal principles.

It was the duty of the court below to weigh the testimony and to determine the credence and weight to be given thereto.

The court below having found that testatrix had sufficient mentality to make the will in question and there having been nothing adduced on this appeal to show that the court was not justified in its decision, the order appealed from will be affirmed.